**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**CASE NO: 20-cv-20737**

**JANE DOE, Individually and as Parent and Natural Guardian of F.H., a Minor**,

Plaintiffs,

v.

**CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE**,

Defendant.
_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JANE DOE, Individually and as Parent and Natural Guardian of F.H., a Minor, hereby sues the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE, as follows:

## JURISDICTION, THE PARTIES, VENUE, AND FACTUAL ALLEGATIONS

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs, and attorney's fees.

2. Personal jurisdiction, subject matter jurisdiction, and venue are all proper.

3. Federal subject matter jurisdiction exists by virtue of diversity of citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States or citizens of a State and a citizen or subject of a foreign state.

4. Plaintiff are proceeding solely at law and *in personam*. Plaintiffs are not invoking this Court's maritime jurisdiction to proceed in admiralty.

5. Plaintiffs, JANE DOE and her minor daughter F.H., are *sui juris* and are residents of Louisiana and are citizens of the State of Iowa for purposes of diversity of citizenship under 28 U.S.C. § 1332. JANE DOE is not the Plaintiff mother's real name, but rather a pseudonym used to protect her confidentiality. And while the initials are the Plaintiff daughter's real initials, only her initials are being used to protect her confidentiality.

6. The Defendant is a foreign corporation, incorporated under the laws of Panama, but is a citizen of Florida for purposes of diversity of citizenship under 28 U.S.C. § 1332 because Florida is the State where it has its principal place of business – Florida is the place where the Defendant's officers direct, control, and coordinate the company's activities, the place that is the company's "nerve center," and the place where the corporation maintains its headquarters.

7. Suit is being filed in federal court as required by the venue selection clause in the Cruise Ticket Contract issued by the Defendant to Plaintiffs. Plaintiffs do not have a copy of the Cruise Ticket Contract, but Defendant does or should. Additionally, the Defendant posts the language of the Contract on the Defendant's website.

8. F.H. is, and was at the time of the incident which is the subject of this lawsuit, 15 years old.

9. Defendant was engaged in the business of providing to the public, in exchange for compensation, vacation cruises aboard Carnival brand vessels, and provided to the Plaintiffs in particular, in exchange for compensation, a vacation cruise aboard the cruise ship *Carnival Valor*.

10. At all times material hereto, the Plaintiffs were passengers, and hence invitees, onboard the cruise ship *Carnival Valor,* which cruise ship was owned, operated, managed, maintained, and controlled, at least in part, by the Defendant.

11. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

12. On November 15, 2019, while the ship was in transit and in navigable waters, one of the Defendant's employee crewmembers – whose name is believed to be Ganesh Joshi – committed statutory rape, rape, forcible rape, sexual battery, sexual assault, sexual abuse, and sexual molestation, of F.H. in a room on the ship, while another of Defendant's employee crewmembers – whose first name is believed to "Segain" or to that effect, but whose last name is unknown – watched and guarded the door to the room in which the offenses were committed.

13. The conduct of the two crewmembers was unlawful and in violation of criminal statutes, including but not limited to Title 18, United States Code, Section 2242(1), (2)(A), and (2)(B), Sexual Abuse, and Section 2243(a), Sexual Abuse of a Minor.

14. F.H. did not consent to the sexual acts committed by the crewmember believed to be Ganesh Joshi. Moreover, at age 15, she was a minor and incapable of giving effective consent. The perpetrator committed sexual assault, sexual battery, and sexual abuse on a minor as a matter of law.

15. Instances of rapes and sexual assaults occur aboard Defendant's vessels at an alarming rate. According to the US Department of Transportation's Cruse Line Incident Report released in November 2019, the FBI fielded more complaints of serious crimes from July through September of last year since at least 2016. And sexual offenses were the most frequently reported crime. Moreover, the number of reported sexual offenses across the industry increased by 67 percent from the same period in 2018. And the Defendant reported the most such offenses by far as compared to the other cruise lines: 20 victims, 17 of which were passengers.

16. Indeed, there have been more than 100 sexual assaults on cruise ships in the year long period ending November 2019. Carnival reported 43 of those, 37 of which were passenger victims. Passengers are statistically more likely to be sexually attacked on a Carnival cruise ship than

another cruise ship, and the rate of sexual assaults on Carnival's ships are greater, per capita, than 20 states, including New York and California.

17. Yet, Defendant fails to take adequate steps, or provide adequate security and/or training and/or supervision, to prevent such rapes and sexual assaults, and fails to warn its passengers of the growing epidemic of rape and sexual assault at sea. Defendant's motive for failing to warn its passengers is financial in nature; that is, Defendant deliberately chooses not to warn its passengers about rapes and sexual assaults aboard its ships so as not to scare any prospective passengers away. Such wanton, willful, or outrageous conduct on the part of the Defendant exposes Defendant to punitive damages.

18. Defendant, in its literature and advertisements, markets, advertises, and represents directly or indirectly that it provides a safe, secure, fun experience for the entire family, including minors. Also, through its senior representatives, the Defendant has represented to the press in public and to the United States Congress that cruising is a safe and secure experience or that cruising is at least as safe and secure as being on land.

19. Further, the Defendant markets to families with minor children and teenagers. The Defendant makes representations online and in other materials about teen friendly and family friendly cruise ships. On its website, the Defendant asks, for instance: "Which type of vacation is guaranteed to offer something for everyone? A family cruise! With dedicated facilities for kids and teens, retreats for parents and exciting shore excursions, all ages are catered to in every way. To help you make the most of your family-friendly cruise, here are our top tips for cruising with kids." And the last three underscored words is a link to the Defendant's tips on cruising with kids.

20. Even though Defendant markets heavily to families with children, the cruise line does not take reasonable measures to keep those minors safe from crewmember sexual offenses. The Defendant allows its crew members unparalleled access to families and children, yet many of

those same crew members are young men who hail from developing countries or from countries where the economy is bleak and the unemployment rate is high, who have not been properly screened, trained, or monitored.

21. The Defendant does little or nothing to screen these young men before they are hired for on board jobs which involve a high level of contact with the public and minor children. For ostensible background checks, the Defendant utilizes agents or “hiring partners” in these countries and relies on the agents or “hiring partners” to obtain background information on these candidates. But as the Defendant knows from years of hiring people from these developing or impoverished countries, the investigation into the background and history of the prospective crewmember in these countries, because of the lack of infrastructure, cannot be complete or verified. The countries simply do not have the infrastructure to provide Defendant full and proper background information on prospective hires.

22. The Defendant does little or nothing to train the young men when they are hired, or to monitor the activities of these young men after they are hired. The Defendant pays these young men a minimal wage, below the wage which would be required if it hired Americans for the same job, places the young men on a ship for months at a time away from their families and spouses and significant others, and requires them to work slavishly, often seven days a week for 12 to 14 hours a day, all in the name of saving money.

23. Defendant fails to sufficiently train and control its male crewmembers to stay away from minor children passengers, which failures allow and/or promote improper conduct by the crewmembers toward passengers including statutory rape, rape, forcible rape, sexual battery, sexual assault, sexual abuse, and sexual molestation.

24. Defendant knows and has documentation of other crewmembers in the past committing statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation

onboard the ships in its fleet, specifically statutory rape, rape, forcible rape, sexual battery, sexual assault, sexual abuse, and sexual molestation against minors.

25. Despite the representations about family accommodations and activities and despite the lack of proper screening and training and control of the onboard personnel, Defendant fails to utilize a proper level of technology, such as locking doors, monitoring its crewmembers' whereabouts, and implementing proper security procedures, to provide a safe environment to its passengers.

26. The Defendant knew, or in the exercise of reasonable care should have known, that onboard its ships there had been numerous criminal acts and attacks perpetrated by its crewmember on passengers in rooms about the ship, and that criminal acts and attacks were reasonably likely to continue to be perpetrated on passengers unless the Defendant took steps to provide proper security.

27. The Defendant knew or in the exercise of reasonable care should have known that no individual, including 15-year-old F.H., had it within their power to take the measures necessary to provide for their own security on the cruise ship.

28. The sexual assault and battery of F.H. was reasonably foreseeable, and the Defendant was in a superior position to appreciate such hazards and take necessary steps to prevent the harm.

## COUNT I
## STRICT LIABILITY FOR STATUTORY RAPE, RAPE, FORCIBLE RAPE, SEXUAL BATTERY, SEXUAL ASSAULT, AND SEXUAL MOLESTATION

29. The Plaintiffs adopt and re-allege each and every allegation set forth in paragraphs 1 through 14.

30. The Defendant is a common carrier.

31. Thus, the Defendant is strictly liable for any and all crewmember assaults and batteries on passengers during transit.

32. Such strict liability of the Defendant to a passenger for crew member assaults and batteries during transit rests upon Defendant's special implied duty of protection and safe transport that it owes as a common carrier through its employees to its passengers. The liability is not engendered by the idea that the act is incident to a duty within the scope of the crew member's employment. The rationale for imposing strict liability on the Defendant common carrier is the carrier-passenger relationship and the corresponding existence of an implied duty of protection and safe transport free from assault and battery by the Defendant's employees during transit. It is effectively a special non-delegable duty owed by the Defendant to the passengers, including the Plaintiffs.

33. The crewmember's intentional acts of statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation on the Plaintiff, F.H, were wanton, willful, outrageous, and in reckless disregard for the safety and rights of F.H.

34. As a proximate result of the statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation, Plaintiff F.H. suffered non-economic and economic damages. Non-economic damages include but are not limited to bodily injury, physical pain and suffering, mental pain and suffering, mental anguish, emotional distress, embarrassment, and/or loss of capacity for the enjoyment of life. One or more of these damages are permanent and/or continuing, and Plaintiff F.H. will suffer it or them in the future. Economic damages include but are not limited to the loss of future earning capacity and the cost of medical and counseling care and treatment incurred in to be incurred in the future, particularly upon majority.

35. As an additional proximate result of the statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation, Plaintiff JANE DOE suffered economic damages, including but not limited to the value of the cruise and related travel expenses, and the cost of medical and counseling care and treatment incurred in the past and to be incurred in the future.

36. WHEREFORE, Plaintiff JANE DOE, Individually and on behalf of F.H., demands judgment against Defendant for all of these actual, consequential, and compensatory damages, pre-judgment and post-judgment interest as allowed by law, costs, and any other relief the Court deems just and proper. And Plaintiff further demands trial by jury of all issues so triable.

**COUNT II**
**NEGLIGENCE IN RELATION TO EMPLOYING, TRAINING, AND MONITORING CREW**

37. The Plaintiffs adopt and re-allege each and every allegation set forth in paragraphs 1 through 28.

38. A high degree of care is demanded of common carriers, like the Defendant, towards their passengers.

39. The Defendant owed a duty to exercise reasonable care for the safety of its passengers, including to the minor Plaintiff, F.H.

40. The Defendant owed a duty to exercise reasonable care under the circumstances, including to the minor Plaintiff, F.H.

41. The Defendant had a duty to use reasonable care under the circumstances to maintain its ship in a reasonably safe condition commensurate with the activities conducted on it, and to prevent harm to its passengers, including F.H., resulting from foreseeable, preventable statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation by its crewmembers.

42. The circumstances under which such duty exists include the fact the Defendant operates a ship that functions like a hotel, offering rooms where people can sleep, dress, and go about their private affairs.

43. The circumstances also include the fact that the Defendant voluntarily undertakes to market to families with children and represents to the public that its cruise ships are appropriate for families. They include the fact that the Defendant also provides facilities and functions for families with children. They include the fact that the Defendant represents to the public

including its passengers that the Defendant's cruise ships have children and teen programs and activities onboard the ship and thus reassures the parents of the children and teens that the ship is safe for these groups. They include the fact that the Defendant takes people onboard its ships into an isolated environment not connected to land. And they include the fact that there is no governmental police force onboard any of the cruise ships, meaning that crewmembers who break the law are fully aware that they will receive no immediate legal consequences.

44. The Defendant's duty owed to its passengers, including F.H., is non-delegable and even the slightest negligence renders a carrier liable.

45. The Defendant cruise line breached its duty to exercise reasonable care under the circumstances in relation to employing, training, and monitoring crewmember, including but not limited to the following:

a. By failing to recruit crewmembers from countries where proper background checks can be ascertained;

b. By failing to make appropriate and sufficient inquiries into the background of or otherwise screen those persons, employees and/or agents hired for the cruise line;

c. By failing to adequately screen its employees to prevent the hiring of sexual predators who prey on unsuspecting children;

d. By failing to supervise and monitor the activities and whereabouts of its employees onboard the subject vessel;

e. By failing to reasonably and properly control the activities and whereabouts of its employees;

f. By failing to reasonably and properly enforce rules, regulations, policies and procedures for its employees who fraternize with passengers;

g. By failing to reasonably and properly train its crew members and officers regarding non-fraternization and sexual assault prevention; and/or

h. By failing to promulgate, monitor and enforce rules or policies regarding the prohibition against crew members having contact and interaction, including sexual relations, with passengers.

46. Defendant was thus negligent.

47. Alternatively, Defendant was more than simply negligent; its conduct was willful, wanton, and outrageous, and/or in callous disregard of the safety and rights of the Plaintiffs.

48. As a proximate result of the Defendant's misconduct, Plaintiff F.H. was the victim of statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation, and Plaintiff F.H. suffered non-economic and economic damages. Non-economic damages include but are not limited to bodily injury, physical pain and suffering, mental pain and suffering, mental anguish, emotional distress, embarrassment, and/or loss of capacity for the enjoyment of life. One or more of these damages are permanent and/or continuing, and Plaintiff F.H. will suffer it or them in the future. Economic damages include but are not limited to the loss of future earning capacity and the cost of medical and counseling care and treatment incurred in to be incurred in the future, particularly upon majority.

49. As an additional proximate result of the Defendant's misconduct, and the resulting statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation of F.H., Plaintiff JANE DOE suffered economic damages, including but not limited to the value of the cruise and related travel expenses, and the cost of medical and counseling care and treatment incurred in the past and to be incurred in the future.

50. WHEREFORE, Plaintiff JANE DOE, Individually and on behalf of F.H., demands judgment against Defendant for all of these actual, consequential, and compensatory damages, punitive damages to the extent that the Defendant was more than simply negligent, pre-judgment and

post-judgment interest as allowed by law, costs, and any other relief the Court deems just and proper. And Plaintiff further demands trial by jury of all issues so triable.

**COUNT III**
**NEGLIGENCE IN RELATION TO PROVISION OF SECURITY FOR PASSENGERS**

51. The Plaintiffs adopt and re-allege each and every allegation set forth in paragraphs 1 through 28.

52. A high degree of care is demanded of common carriers, like the Defendant, towards their passengers.

53. The Defendant owed a duty to exercise reasonable care for the safety of its passengers, including to the minor Plaintiff, F.H.

54. The Defendant owed a duty to exercise reasonable care under the circumstances, including to the minor Plaintiff, F.H.

55. The Defendant had a duty to use reasonable care under the circumstances to maintain its ship in a reasonably safe condition commensurate with the activities conducted on it, and to prevent harm to its passengers, including F.H., resulting from foreseeable, preventable statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation by its crewmembers.

56. The circumstances under which such duty exists include the fact the Defendant operates a ship that functions like a hotel, offering rooms where people can sleep, dress, and go about their private affairs.

57. The circumstances also include the fact that the Defendant voluntarily undertakes to market to families with children and represents to the public that its cruise ships are appropriate for families. They include the fact that the Defendant also provides facilities and functions for families with children. They include the fact that the Defendant represents to the public including its passengers that the Defendant's cruise ships have children and teen programs and activities onboard the ship and thus reassures the parents of the children and teens that

the ship is safe for these groups. They include the fact that the Defendant takes people onboard its ships into an isolated environment not connected to land. And they include the fact that there is no governmental police force onboard any of the cruise ships, meaning that crewmembers who break the law are fully aware that they will receive no immediate legal consequences.

58. The Defendant's duty owed to its passengers, including F.H., is non-delegable and even the slightest negligence renders a carrier liable.

59. The Defendant cruise line breached its duty to exercise reasonable care under the circumstances in relation to security for and of its passengers, including but not limited to the following:

a. By failing to provide adequate security for its passengers, including JANE DOE and F.H.;

b. By failing to have reasonable and proper methods of preventing crime;

c. By failing to have an adequate system in effect to prevent passengers from being sexually assaulted and battered by Defendant's employees;

d. By failing to implement reasonable and adequate safety and security policies, measures, and procedures necessary to protect and keep safe the passengers, especially minors, on the subject ship;

e. By failing to prevent crewmembers from conducting sexual assault, sexual battery and sexual abuse on its passengers onboard the subject vessel, including the minor Plaintiff herein;

f. By failing to hire experienced security personnel;

g. By failing to provide an adequate number of supervisory personnel aboard the vessel;

h. By failing perform adequate security checks of the premises; and/or

i. By failing to equip the vessel with video and security monitoring of areas where passengers have been and will be assaulted or battered.

60. Defendant was thus negligent.

61. Alternatively, Defendant was more than simply negligent; its conduct was willful, wanton, and outrageous, and/or in callous disregard of the safety and rights of the Plaintiffs.

62. As a proximate result of the Defendant's misconduct, Plaintiff F.H. was the victim of statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation, and Plaintiff F.H. suffered non-economic and economic damages. Non-economic damages include but are not limited to bodily injury, physical pain and suffering, mental pain and suffering, mental anguish, emotional distress, embarrassment, and/or loss of capacity for the enjoyment of life. One or more of these damages are permanent and/or continuing, and Plaintiff F.H. will suffer it or them in the future. Economic damages include but are not limited to the loss of future earning capacity and the cost of medical and counseling care and treatment incurred in to be incurred in the future, particularly upon majority.

63. As an additional proximate result of the Defendant's misconduct, and the resulting statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation of F.H., Plaintiff JANE DOE suffered economic damages, including but not limited to the value of the cruise and related travel expenses, and the cost of medical and counseling care and treatment incurred in the past and to be incurred in the future.

64. WHEREFORE, Plaintiff JANE DOE, Individually and on behalf of F.H., demands judgment against Defendant for all of these actual, consequential, and compensatory damages, punitive damages to the extent that the Defendant was more than simply negligent, pre-judgment and post-judgment interest as allowed by law, costs, and any other relief the Court deems just and proper. And Plaintiff further demands trial by jury of all issues so triable.

## COUNT IV
## NEGLIGENCE IN RELATION TO WARNING OR INFORMING PASSENGERS

65. The Plaintiffs adopt and re-allege each and every allegation set forth in paragraphs 1 through 28.

66. A high degree of care is demanded of common carriers, like the Defendant, towards their passengers.

67. The Defendant owed a duty to exercise reasonable care for the safety of its passengers, including to the minor Plaintiff, F.H.

68. The Defendant owed a duty to exercise reasonable care under the circumstances, including to the minor Plaintiff, F.H.

69. The Defendant had a duty to use reasonable care under the circumstances to maintain its ship in a reasonably safe condition commensurate with the activities conducted on it, and to prevent harm to its passengers, including F.H., resulting from foreseeable, preventable statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation by its crewmembers.

70. The circumstances under which such duty exists include the fact the Defendant operates a ship that functions like a hotel, offering rooms where people can sleep, dress, and go about their private affairs.

71. The circumstances also include the fact that the Defendant voluntarily undertakes to market to families with children and represents to the public that its cruise ships are appropriate for families. They include the fact that the Defendant also provides facilities and functions for families with children. They include the fact that the Defendant represents to the public including its passengers that the Defendant's cruise ships have children and teen programs and activities onboard the ship and thus reassures the parents of the children and teens that the ship is safe for these groups. They include the fact that the Defendant takes people onboard its ships into an isolated environment not connected to land. And they include the fact that there is no governmental police force onboard any of the cruise ships, meaning that crewmembers who break the law are fully aware that they will receive no immediate legal consequences.

72. The Defendant's duty owed to its passengers, including F.H., is non-delegable and even the slightest negligence renders a carrier liable.

73. The Defendant cruise line breached its duty to exercise reasonable care under the circumstances in relation to security for and of its passengers, including but not limited to the following:

a. By failing to warn passengers that there are or may be sexual predators amongst Defendant's crewmembers;

b. By failing to warn passengers that the cruise line does not properly investigate, screen, hire or retain crewmembers who have direct contact with passengers and access into passenger cabins, and that the passengers should not trust the crewmembers and;

c. By failing to adequately warn passengers aboard Defendant's vessels that there are real and significant dangers aboard the vessel, including the fact that other passengers have been sexually assaulted by crew members, and by failing to advise passengers that a heightened degree of care should be exercised when dealing with the crew members aboard the vessel;

d. By covering up prior sexual assaults aboard Defendant's vessels, thereby preventing the public from gaining knowledge regarding potential dangers aboard Defendant's vessels regarding sexual assaults;

e. By failing to investigate similar incidents on its vessels;

f. By failing to implement policies or procedures to track prior instances of sexual assaults so that the environment which permits and encourages such behavior can be identified and eliminated and/or passengers could be warned of the dangers posed to their health and physical and mental well-being;

g. By deliberately creating an environment whereby passengers would be deceived into believing that they are in a safe and friendly "family" environment where it is safe to

interact with male crew members where, in reality, passengers are at risk of being targeted and attacked by sexual predators;

h. By concealing, suppressing, and mischaracterizing information involving prior incidents where passengers are victimized aboard Defendant's vessels; and/or

i. By protecting Defendant's business interests and media image at the expense of the fundamental rights of the passengers and other members of the public who will be subjected to sexual assaults and batteries and otherwise victimized in the future.

74. Defendant was thus negligent.

75. Alternatively, Defendant was more than simply negligent; its conduct was willful, wanton, and outrageous, and/or in callous disregard of the safety and rights of the Plaintiffs.

76. As a proximate result of the Defendant's misconduct, Plaintiff F.H. was the victim of statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation, and Plaintiff F.H. suffered non-economic and economic damages. Non-economic damages include but are not limited to bodily injury, physical pain and suffering, mental pain and suffering, mental anguish, emotional distress, embarrassment, and/or loss of capacity for the enjoyment of life. One or more of these damages are permanent and/or continuing, and Plaintiff F.H. will suffer it or them in the future. Economic damages include but are not limited to the loss of future earning capacity and the cost of medical and counseling care and treatment incurred in to be incurred in the future, particularly upon majority.

77. As an additional proximate result of the Defendant's misconduct, and the resulting statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation of F.H., Plaintiff JANE DOE suffered economic damages, including but not limited to the value of the cruise and related travel expenses, and the cost of medical and counseling care and treatment incurred in the past and to be incurred in the future.

78. WHEREFORE, Plaintiff JANE DOE, Individually and on behalf of F.H., demands judgment against Defendant for all of these actual, consequential, and compensatory damages, punitive damages to the extent that the Defendant was more than simply negligent, pre-judgment and post-judgment interest as allowed by law, costs, and any other relief the Court deems just and proper. And Plaintiff further demands trial by jury of all issues so triable.

Respectfully submitted,

Co-counsel for Plaintiffs:

**BRILL & RINALDI, THE LAW FIRM**
Attorneys for the Plaintiff
17150 Royal Palm Blvd., Suite 2
Weston, FL 33326
Telephone No.: (954) 876-4344
Facsimile No.: (954) 384-6226
**David W. Brill, Esq.**
Florida Bar No. 0959560
Primary e-mail: david@brillrinaldi.com
Secondary e-mail: angely@brillrinaldi.com
**Joseph J. Rinaldi, Jr., Esq.**
Florida Bar No. 0581941
Primary e-mail: joe@brillrinaldi.com
Secondary e-mail: angely@brillrinaldi.com
**Zackary D. Slankard, Esq.**
Florida Bar No. 1015939
Primary e-mail: zackary@brillrinaldi.com
Secondary e-mail: angely@brillrinaldi.com

~ *AND* ~

**MURPHY LAW FIRM**
2354 S. Acadian Thruway
Baton Rouge, Louisiana 70808
Telephone No.: (225) 928-8800
Facsimile No.: (225) 928-8802
**Peyton P. Murphy, Esq.**
Louisiana Bar No. 22125
E-mail: peyton@murphylawfirm.com
**Troy D. Morain, Esq.**
Louisiana Bar No. 19070
E-mail: troy@murphylawfirm.com
**James E. Moore, Esq.**
Louisiana Bar No. 21758
E-mail: jim@murphylawfirm.com
**Renee H. Pennington, Esq.**

Louisiana Bar No. 35954
E-mail: renee@murphylawfirm.com

/s/ David W. Brill
**David W. Brill, Esq.**