**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**CASE NO: 20-cv-20737-UU**

**JANE DOE, Individually and as Parent and Natural Guardian of F.H., a Minor**,

Plaintiffs,

v.

**CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE, and DUFRY CRUISE SERVICES, LLC**,

Defendants.
_______________________________________/

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JANE DOE, Individually and as Parent and Natural Guardian of F.H., a Minor, hereby sues the Defendants CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE and DUFRY CRUISE SERVICES, LLC, as follows:

**JURISDICTION, THE PARTIES, VENUE, AND FACTUAL ALLEGATIONS**

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs, and attorney's fees.

2. Personal jurisdiction, subject matter jurisdiction, and venue are all proper.

3. Federal subject matter jurisdiction exists by virtue of diversity of citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States or citizens of a State and a citizen or subject of a foreign state.

4. Plaintiff are proceeding solely at law and *in personam*. Plaintiffs are not invoking this Court's maritime jurisdiction to proceed in admiralty.

5. Plaintiffs, JANE DOE and her minor daughter F.H., are *sui juris* and are residents of Louisiana and are citizens of the State of Iowa for purposes of diversity of citizenship under 28 U.S.C. § 1332. JANE DOE is not the Plaintiff mother's real name, but rather a pseudonym used to protect her confidentiality. And while the initials are the Plaintiff daughter's real initials, only her initials are being used to protect her confidentiality.

6. The Defendant CARNIVAL CRUISE LINE is a foreign corporation, incorporated under the laws of Panama, but is a citizen of Florida for purposes of diversity of citizenship under 28 U.S.C. § 1332 because Florida is the State where it has its principal place of business – Florida is the place where the Defendant CARNIVAL CRUISE LINE's officers direct, control, and coordinate the company's activities, the place that is the company's "nerve center," and the place where the corporation maintains its headquarters.

7. The Defendant DUFRY CRUISE SERVICES, LLC, is a limited liability company organized under the laws of Delaware, but with its principal place of business in Miami, Florida – Florida is the place where the Defendant DUFRY CRUISE SERVICES, LLC's officers direct, control, and coordinate the company's activities, the place that is the company's "nerve center," and the place where the corporation maintains its headquarters.

8. Suit is being filed in federal court as required by the venue selection clause in the Cruise Ticket Contract issued by the Defendant CARNIVAL CRUISE LINE to Plaintiffs. Plaintiffs do not have a copy of the Cruise Ticket Contract, but Defendant CARNIVAL CRUISE LINE does or should. Additionally, the Defendant CARNIVAL CRUISE LINE posts the language of the Contract on the Defendant CARNIVAL CRUISE LINE's website.

9. F.H. is, and was at the time of the incident which is the subject of this lawsuit, 15 years old.

10. Defendant CARNIVAL CRUISE LINE was engaged in the business of providing to the public, in exchange for compensation, vacation cruises aboard Carnival brand vessels, and

provided to the Plaintiffs in particular, in exchange for compensation, a vacation cruise aboard the cruise ship *Carnival Valor*.

11. Defendant DUFRY CRUISE SERVICES, LLC, was engaged in the business of travel retail, leasing space from, and contracting with, Defendant CARNIVAL CRUISE LINE for DUFRY CRUISE SERVICES, LLC, to operate retail stores aboard Carnival brand vessels, including the cruise ship *Carnival Valor*.

12. At all times material hereto, the Plaintiffs were passengers, and hence invitees, onboard the cruise ship *Carnival Valor*, which cruise ship was owned, operated, managed, maintained, and controlled, at least in part, by the Defendant CARNIVAL CRUISE LINE.

13. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

14. On November 15, 2019, while the ship was in transit and in navigable waters, one of the Defendant DUFRY CRUISE SERVICES, LLC's employee crewmembers – whose name is believed to be Ganesh Joshi – committed statutory rape, rape, forcible rape, sexual battery, sexual assault, sexual abuse, and sexual molestation, of F.H. in a room on the ship, while another of Defendant DUFRY CRUISE SERVICES, LLC's employee crewmembers – whose first name is believed to "Segain" or to that effect, but whose last name is unknown – watched and guarded the door to the room in which the offenses were committed.

15. The conduct of the two crewmembers was unlawful and in violation of criminal statutes, including but not limited to Title 18, United States Code, Section 2242(1), (2)(A), and/or (2)(B), Sexual Abuse, and/or Section 2243(a), Sexual Abuse of a Minor. Furthermore, forcible rape is a part of the common law of this country, and the offense of statutory rape is generally considered an extension of the common law crime of forcible rape and is itself old enough to be part of the common law of this country.

16. F.H. did not consent to the sexual acts committed by the crewmember believed to be Ganesh Joshi. Moreover, at age 15, she was a minor and incapable of giving effective consent. The perpetrator committed sexual assault, sexual battery, and sexual abuse on a minor as a matter of law.

17. Instances of rapes and sexual assaults occur aboard Defendant CARNIVAL CRUISE LINE's vessels at an alarming rate. According to the US Department of Transportation's Cruse Line Incident Report released in November 2019, the FBI fielded more complaints of serious crimes from July through September of last year since at least 2016. And sexual offenses were the most frequently reported crime. Moreover, the number of reported sexual offenses across the industry increased by 67 percent from the same period in 2018. And the Defendant CARNIVAL CRUISE LINE reported the most such offenses by far as compared to the other cruise lines: 20 victims, 17 of which were passengers.

18. Indeed, there have been more than 100 sexual assaults on cruise ships in the year long period ending November 2019. Carnival reported 43 of those, 37 of which were passenger victims. Passengers are statistically more likely to be sexually attacked on a Carnival cruise ship than another cruise ship, and the rate of sexual assaults on Carnival's ships are greater, per capita, than 20 states, including New York and California.

19. Yet, Defendant CARNIVAL CRUISE LINE fails to take adequate steps, or provide adequate security and/or training and/or supervision, to prevent such rapes and sexual assaults, and fails to warn its passengers of the growing epidemic of rape and sexual assault at sea. Defendant CARNIVAL CRUISE LINE's motive for failing to warn its passengers is financial in nature; that is, Defendant CARNIVAL CRUISE LINE deliberately chooses not to warn its passengers about rapes and sexual assaults aboard its ships so as not to scare any prospective passengers away. Such wanton, willful, or outrageous conduct on the part of the Defendant CARNIVAL CRUISE LINE exposes Defendant CARNIVAL CRUISE LINE to punitive damages.

20. Defendant CARNIVAL CRUISE LINE, in its literature and advertisements, markets, advertises, and represents directly or indirectly that it provides a safe, secure, fun experience for the entire family, including minors. Also, through its senior representatives, the Defendant CARNIVAL CRUISE LINE has represented to the press in public and to the United States Congress that cruising is a safe and secure experience or that cruising is at least as safe and secure as being on land.

21. Further, the Defendant CARNIVAL CRUISE LINE markets to families with minor children and teenagers. The Defendant CARNIVAL CRUISE LINE makes representations online and in other materials about teen friendly and family friendly cruise ships. On its website, the Defendant CARNIVAL CRUISE LINE asks, for instance: "Which type of vacation is guaranteed to offer something for everyone? A family cruise! With dedicated facilities for kids and teens, retreats for parents and exciting shore excursions, all ages are catered to in every way. To help you make the most of your family-friendly cruise, here are our top tips for cruising with kids." And the last three underscored words is a link to the Defendant CARNIVAL CRUISE LINE's tips on cruising with kids.

22. Even though Defendant CARNIVAL CRUISE LINE markets heavily to families with children, the cruise line does not take reasonable measures to keep those minors safe from crewmember sexual offenses. The Defendant CARNIVAL CRUISE LINE allows its crew members unparalleled access to families and children, yet many of those same crew members are young men who hail from developing countries or from countries where the economy is bleak and the unemployment rate is high, who have not been properly screened, trained, or monitored.

23. The Defendant CARNIVAL CRUISE LINE knows from years of it and its concessionaires hiring people from these developing or impoverished countries, that the investigation into the background and history of the prospective crewmember in these countries, because of

the lack of infrastructure, invariably cannot be complete or verified. The countries simply do not have the infrastructure to provide Defendant CARNIVAL CRUISE LINE or its concessionaires full and proper background information on prospective hires.

24. The Defendant CARNIVAL CRUISE LINE does little or nothing to train the young men when they are hired, or to monitor the activities of these young men after they are hired. These young men are typically paid a minimal wage, below the wage which would be required to hire Americans for the same jobs, the young men are placed on a ship for months at a time away from their families and spouses and significant others, and the men are required to work slavishly, often seven days a week for 12 to 14 hours a day, all in the name of the employer saving money.

25. Defendant CARNIVAL CRUISE LINE fails to sufficiently train and control its male crewmembers to stay away from minor children passengers, which failures allow and/or promote improper conduct by the crewmembers toward passengers including statutory rape, rape, forcible rape, sexual battery, sexual assault, sexual abuse, and sexual molestation.

26. Defendant CARNIVAL CRUISE LINE knows and has documentation of other crewmembers in the past committing statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation onboard the ships in its fleet, specifically statutory rape, rape, forcible rape, sexual battery, sexual assault, sexual abuse, and sexual molestation against minors.

27. Despite the representations about family accommodations and activities and despite the lack of proper screening and training and control of the onboard personnel, Defendant CARNIVAL CRUISE LINE fails to utilize a proper level of technology, such as locking doors, monitoring its crewmembers' whereabouts, and implementing proper security procedures, to provide a safe environment to its passengers.

28. The Defendant CARNIVAL CRUISE LINE knew, or in the exercise of reasonable care should have known, that onboard its ships there had been numerous criminal acts and attacks

perpetrated by its crewmember on passengers in rooms about the ship, and that criminal acts and attacks were reasonably likely to continue to be perpetrated on passengers unless the Defendant CARNIVAL CRUISE LINE took steps to provide proper security.

29. The Defendant CARNIVAL CRUISE LINE knew or in the exercise of reasonable care should have known that no individual, including 15-year-old F.H., had it within their power to take the measures necessary to provide for their own security on the cruise ship.

30. The sexual assault and battery of F.H. was reasonably foreseeable, and the Defendant CARNIVAL CRUISE LINE was in a superior position to appreciate such hazards and take necessary steps to prevent the harm.

**COUNT I**
**STRICT LIABILITY FOR STATUTORY RAPE, RAPE, FORCIBLE RAPE, SEXUAL BATTERY, SEXUAL ASSAULT, AND SEXUAL MOLESTATION AGAINST DEFENDANT CARNIVAL CRUISE LINE**

31. The Plaintiffs adopt and re-allege each and every allegation set forth in paragraphs 1 through 16.

32. The Defendant CARNIVAL CRUISE LINE is a common carrier.

33. Thus, the Defendant CARNIVAL CRUISE LINE is strictly liable for any and all crewmember assaults and batteries on passengers during transit.

34. Such strict liability of the Defendant CARNIVAL CRUISE LINE to a passenger for crew member assaults and batteries during transit rests upon Defendant CARNIVAL CRUISE LINE's special implied duty of protection and safe transport that it owes as a common carrier through its employees to its passengers. The liability is not engendered by the idea that the act is incident to a duty within the scope of the crew member's employment. The rationale for imposing strict liability on the Defendant CARNIVAL CRUISE LINE common carrier is the carrier-passenger relationship and the corresponding existence of an implied duty of protection and safe transport free from assault and battery by the Defendant CARNIVAL

CRUISE LINE's employees during transit. It is effectively a special non-delegable duty owed by the Defendant CARNIVAL CRUISE LINE to the passengers, including the Plaintiffs.

35. The crewmember's intentional acts of statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation on the Plaintiff, F.H, were wanton, willful, outrageous, and in reckless disregard for the safety and rights of F.H.

36. As a proximate result of the statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation, Plaintiff F.H. suffered non-economic and economic damages. Non-economic damages include but are not limited to bodily injury, physical pain and suffering, mental pain and suffering, mental anguish, emotional distress, embarrassment, and/or loss of capacity for the enjoyment of life. One or more of these damages are permanent and/or continuing, and Plaintiff F.H. will suffer it or them in the future. Economic damages include but are not limited to the loss of future earning capacity and the cost of medical and counseling care and treatment incurred in to be incurred in the future, particularly upon majority.

37. As an additional proximate result of the statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation, Plaintiff JANE DOE suffered economic damages, including but not limited to the value of the cruise and related travel expenses, and the cost of medical and counseling care and treatment incurred in the past and to be incurred in the future.

38. WHEREFORE, Plaintiff JANE DOE, Individually and on behalf of F.H., demands judgment against Defendant CARNIVAL CRUISE LINE for all of these actual, consequential, and compensatory damages, pre-judgment and post-judgment interest as allowed by law, costs, and any other relief the Court deems just and proper. And Plaintiff further demands trial by jury of all issues so triable.

**COUNT II**
**STRICT LIABILITY FOR STATUTORY RAPE, RAPE, FORCIBLE RAPE, SEXUAL BATTERY, SEXUAL ASSAULT, AND SEXUAL MOLESTATION AGAINST DUFRY CRUISE SERVICES, LLC**

39. The Plaintiffs adopt and re-allege each and every allegation set forth in paragraphs 1 through 16.

40. The Defendant DUFRY CRUISE SERVICES, LLC is an onboard agent of Defendant CARNIVAL CRUISE LINE, which is a common carrier.

41. The Defendant DUFRY CRUISE SERVICES, LLC is strictly liable for any and all assaults and batteries on passengers by employees of DUFRY CRUISE SERVICES, LLC during transit.

42. Such strict liability of the Defendant DUFRY CRUISE SERVICES, LLC to a passenger for assaults and batteries by its employees during transit rests upon the special duty which Defendant DUFRY CRUISE SERVICES, LLC shares with Defendant CARNIVAL CRUISE LINE of absolute protection owed to passengers who travel with the common carrier. The liability is not engendered by the idea that the act is incident to a duty within the scope of the crew member's employment. The rationale for imposing strict liability on both the Defendant CARNIVAL CRUISE LINE common carrier and Defendant DUFRY CRUISE SERVICES, LLC is the carrier-passenger relationship and the corresponding existence of an implied duty of protection and safe transport free from assault and battery by the Defendant CARNIVAL CRUISE LINE's employees and agents during transit. It is effectively a special non-delegable duty owed by the Defendants to the passengers, including the Plaintiffs.

43. The crewmember's intentional acts of statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation on the Plaintiff, F.H, were wanton, willful, outrageous, and in reckless disregard for the safety and rights of F.H.

44. As a proximate result of the statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation, Plaintiff F.H. suffered non-economic and economic damages. Non-economic damages include but are not limited to bodily injury, physical pain and suffering, mental pain and suffering, mental anguish, emotional distress, embarrassment, and/or loss of

capacity for the enjoyment of life. One or more of these damages are permanent and/or continuing, and Plaintiff F.H. will suffer it or them in the future. Economic damages include but are not limited to the loss of future earning capacity and the cost of medical and counseling care and treatment incurred in to be incurred in the future, particularly upon majority.

45. As an additional proximate result of the statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation, Plaintiff JANE DOE suffered economic damages, including but not limited to the value of the cruise and related travel expenses, and the cost of medical and counseling care and treatment incurred in the past and to be incurred in the future.

46. WHEREFORE, Plaintiff JANE DOE, Individually and on behalf of F.H., demands judgment against Defendant DUFRY CRUISE SERVICES, LLC for all of these actual, consequential, and compensatory damages, pre-judgment and post-judgment interest as allowed by law, costs, and any other relief the Court deems just and proper. And Plaintiff further demands trial by jury of all issues so triable.

**COUNT III**
**NEGLIGENCE IN RELATION TO TRAINING AND MONITORING CREW AGAINST CARNIVAL CRUISE LINE**

47. The Plaintiffs adopt and re-allege each and every allegation set forth in paragraphs 1 through 30.

48. A high degree of care is demanded of common carriers, like the Defendant CARNIVAL CRUISE LINE, towards their passengers.

49. The Defendant CARNIVAL CRUISE LINE owed a duty to exercise reasonable care for the safety of its passengers, including to the minor Plaintiff, F.H.

50. The Defendant CARNIVAL CRUISE LINE owed a duty to exercise reasonable care under the circumstances, including to the minor Plaintiff, F.H.

51. The Defendant CARNIVAL CRUISE LINE had a duty to use reasonable care under the circumstances to maintain its ship in a reasonably safe condition commensurate with the activities conducted on it, and to prevent harm to its passengers, including F.H., resulting from foreseeable, preventable statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation by its crewmembers.

52. The circumstances under which such duty exists include the fact the Defendant CARNIVAL CRUISE LINE operates a ship that functions like a hotel, offering rooms where people can sleep, dress, and go about their private affairs.

53. The circumstances also include the fact that the Defendant CARNIVAL CRUISE LINE voluntarily undertakes to market to families with children and represents to the public that its cruise ships are appropriate for families. They include the fact that the Defendant CARNIVAL CRUISE LINE also provides facilities and functions for families with children. They include the fact that the Defendant CARNIVAL CRUISE LINE represents to the public including its passengers that the Defendant CARNIVAL CRUISE LINE's cruise ships have children and teen programs and activities onboard the ship and thus reassures the parents of the children and teens that the ship is safe for these groups. They include the fact that the Defendant CARNIVAL CRUISE LINE takes people onboard its ships into an isolated environment not connected to land. And they include the fact that there is no governmental police force onboard any of the cruise ships, meaning that crewmembers who break the law are fully aware that they will receive no immediate legal consequences.

54. The Defendant CARNIVAL CRUISE LINE's duty owed to its passengers, including F.H., is non-delegable and even the slightest negligence renders a carrier liable.

55. The Defendant CARNIVAL CRUISE LINE breached its duty to exercise reasonable care under the circumstances in relation to training and monitoring crewmembers, including but not limited to the following:

a. By failing to supervise and monitor the activities and whereabouts of its crew members onboard the subject vessel;

b. By failing to reasonably and properly control the activities and whereabouts of its crew members;

c. By failing to reasonably and properly enforce rules, regulations, policies and procedures for its crew members who fraternize with passengers;

d. By failing to reasonably and properly train its crew members and officers regarding non-fraternization and sexual assault prevention; and/or

e. By failing to promulgate, monitor and enforce rules or policies regarding the prohibition against crew members having contact and interaction, including sexual relations, with passengers.

56. Defendant CARNIVAL CRUISE LINE was thus negligent.

57. Alternatively, Defendant CARNIVAL CRUISE LINE was more than simply negligent; its conduct was willful, wanton, and outrageous, and/or in callous disregard of the safety and rights of the Plaintiffs.

58. As a proximate result of the Defendant CARNIVAL CRUISE LINE's misconduct, Plaintiff F.H. was the victim of statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation, and Plaintiff F.H. suffered non-economic and economic damages. Non-economic damages include but are not limited to bodily injury, physical pain and suffering, mental pain and suffering, mental anguish, emotional distress, embarrassment, and/or loss of capacity for the enjoyment of life. One or more of these damages are permanent and/or continuing, and Plaintiff F.H. will suffer it or them in the future. Economic damages include but are not limited to the loss of future earning capacity and the cost of medical and counseling care and treatment incurred in to be incurred in the future, particularly upon majority.

59. As an additional proximate result of the Defendant CARNIVAL CRUISE LINE's misconduct, and the resulting statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation of F.H., Plaintiff JANE DOE suffered economic damages, including but not limited to the value of the cruise and related travel expenses, and the cost of medical and counseling care and treatment incurred in the past and to be incurred in the future.

60. WHEREFORE, Plaintiff JANE DOE, Individually and on behalf of F.H., demands judgment against Defendant CARNIVAL CRUISE LINE for all of these actual, consequential, and compensatory damages, punitive damages to the extent that the Defendant CARNIVAL CRUISE LINE was more than simply negligent, pre-judgment and post-judgment interest as allowed by law, costs, and any other relief the Court deems just and proper. And Plaintiff further demands trial by jury of all issues so triable.

**COUNT IV**
**NEGLIGENCE IN RELATION TO TRAINING AND MONITORING CREW AGAINST DUFRY CRUISE SERVICES, LLC**

61. The Plaintiffs adopt and re-allege each and every allegation set forth in paragraphs 1 through 30.

62. A high degree of care is demanded of agents of common carriers, like the Defendant DUFRY CRUISE SERVICES, LLC, towards their passengers.

63. The Defendant DUFRY CRUISE SERVICES, LLC owed a duty to exercise reasonable care for the safety of its passengers, including to the minor Plaintiff, F.H.

64. The Defendant DUFRY CRUISE SERVICES, LLC owed a duty to exercise reasonable care under the circumstances, including to the minor Plaintiff, F.H.

65. The Defendant DUFRY CRUISE SERVICES, LLC had a duty to use reasonable care under the circumstances to prevent harm to passengers, including F.H., resulting from foreseeable, preventable statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation by its employees.

66. The circumstances under which such duty exists include the fact the Defendant DUFRY CRUISE SERVICES, LLC operates a retail shop on a ship that functions like a hotel, offering rooms where people can sleep, dress, and go about their private affairs.

67. The circumstances also include the fact that the Defendant CARNIVAL CRUISE LINE voluntarily undertakes to market to families with children and represents to the public that its cruise ships are appropriate for families. They include the fact that the Defendant CARNIVAL CRUISE LINE also provides facilities and functions for families with children. They include the fact that the Defendant CARNIVAL CRUISE LINE represents to the public including its passengers that the Defendant CARNIVAL CRUISE LINE's cruise ships have children and teen programs and activities onboard the ship and thus reassures the parents of the children and teens that the ship is safe for these groups. They include the fact that the Defendant CARNIVAL CRUISE LINE takes people onboard its ships into an isolated environment not connected to land. And they include the fact that there is no governmental police force onboard any of the cruise ships, meaning that crewmembers who break the law are fully aware that they will receive no immediate legal consequences.

68. The Defendant DUFRY CRUISE SERVICES, LLC breached its duty to exercise reasonable care under the circumstances in relation to training and monitoring its employee crewmembers, including but not limited to the following:

a. By failing to supervise and monitor the activities and whereabouts of its employee crewmembers onboard the subject vessel;

b. By failing to reasonably and properly control the activities and whereabouts of its employee crewmembers;

c. By failing to reasonably and properly enforce rules, regulations, policies and procedures for its employee crewmembers who fraternize with passengers;

d. By failing to reasonably and properly train its employee crewmembers regarding non-fraternization and sexual assault prevention; and/or

e. By failing to promulgate, monitor and enforce rules or policies regarding the prohibition against employee crewmembers having contact and interaction, including sexual relations, with passengers.

69. Defendant DUFRY CRUISE SERVICES, LLC was thus negligent.

70. Alternatively, Defendant DUFRY CRUISE SERVICES, LLC was more than simply negligent; its conduct was willful, wanton, and outrageous, and/or in callous disregard of the safety and rights of the Plaintiffs.

71. As a proximate result of the Defendant DUFRY CRUISE SERVICES, LLC's misconduct, Plaintiff F.H. was the victim of statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation, and Plaintiff F.H. suffered non-economic and economic damages. Non-economic damages include but are not limited to bodily injury, physical pain and suffering, mental pain and suffering, mental anguish, emotional distress, embarrassment, and/or loss of capacity for the enjoyment of life. One or more of these damages are permanent and/or continuing, and Plaintiff F.H. will suffer it or them in the future. Economic damages include but are not limited to the loss of future earning capacity and the cost of medical and counseling care and treatment incurred in to be incurred in the future, particularly upon majority.

72. As an additional proximate result of the Defendant DUFRY CRUISE SERVICES, LLC's misconduct, and the resulting statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation of F.H., Plaintiff JANE DOE suffered economic damages, including but not limited to the value of the cruise and related travel expenses, and the cost of medical and counseling care and treatment incurred in the past and to be incurred in the future.

73. WHEREFORE, Plaintiff JANE DOE, Individually and on behalf of F.H., demands judgment against Defendant DUFRY CRUISE SERVICES, LLC for all of these actual, consequential, and compensatory damages, punitive damages to the extent that the Defendant DUFRY CRUISE SERVICES, LLC was more than simply negligent, pre-judgment and post-judgment interest as allowed by law, costs, and any other relief the Court deems just and proper. And Plaintiff further demands trial by jury of all issues so triable.

**COUNT V**
**NEGLIGENCE IN RELATION TO PROVISION OF SECURITY FOR PASSENGERS AGAINST CARNIVAL CRUISE LINE**

74. The Plaintiffs adopt and re-allege each and every allegation set forth in paragraphs 1 through 30.

75. A high degree of care is demanded of common carriers, like the Defendant CARNIVAL CRUISE LINE, towards their passengers.

76. The Defendant CARNIVAL CRUISE LINE owed a duty to exercise reasonable care for the safety of its passengers, including to the minor Plaintiff, F.H.

77. The Defendant CARNIVAL CRUISE LINE owed a duty to exercise reasonable care under the circumstances, including to the minor Plaintiff, F.H.

78. The Defendant CARNIVAL CRUISE LINE had a duty to use reasonable care under the circumstances to maintain its ship in a reasonably safe condition commensurate with the activities conducted on it, and to prevent harm to its passengers, including F.H., resulting from foreseeable, preventable statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation by its crewmembers.

79. The circumstances under which such duty exists include the fact the Defendant CARNIVAL CRUISE LINE operates a ship that functions like a hotel, offering rooms where people can sleep, dress, and go about their private affairs.

80. The circumstances also include the fact that the Defendant CARNIVAL CRUISE LINE voluntarily undertakes to market to families with children and represents to the public that its cruise ships are appropriate for families. They include the fact that the Defendant CARNIVAL CRUISE LINE also provides facilities and functions for families with children. They include the fact that the Defendant CARNIVAL CRUISE LINE represents to the public including its passengers that the Defendant CARNIVAL CRUISE LINE's cruise ships have children and teen programs and activities onboard the ship and thus reassures the parents of the children and teens that the ship is safe for these groups. They include the fact that the Defendant CARNIVAL CRUISE LINE takes people onboard its ships into an isolated environment not connected to land. And they include the fact that there is no governmental police force onboard any of the cruise ships, meaning that crewmembers who break the law are fully aware that they will receive no immediate legal consequences.

81. The Defendant CARNIVAL CRUISE LINE's duty owed to its passengers, including F.H., is non-delegable and even the slightest negligence renders a carrier liable.

82. The Defendant CARNIVAL CRUISE LINE cruise line breached its duty to exercise reasonable care under the circumstances in relation to security for and of its passengers, including but not limited to the following:

a. By failing to provide adequate security for its passengers, including JANE DOE and F.H.;

b. By failing to have reasonable and proper methods of preventing crime;

c. By failing to have an adequate system in effect to prevent passengers from being sexually assaulted and battered by crewmembers aboard Defendant CARNIVAL CRUISE LINE's subject ship;

d. By failing to implement reasonable and adequate safety and security policies, measures, and procedures necessary to protect and keep safe the passengers, especially minors, on the subject ship;

e. By failing to prevent crewmembers from committing sexual assault, sexual battery and sexual abuse on its passengers onboard the subject vessel, including the minor Plaintiff herein;

f. By failing to hire experienced security personnel;

g. By failing to provide an adequate number of supervisory personnel aboard the vessel;

h. By failing perform adequate security checks of the premises; and/or

i. By failing to equip the vessel with video and security monitoring of areas where passengers have been and will be assaulted or battered.

83. Defendant CARNIVAL CRUISE LINE was thus negligent.

84. Alternatively, Defendant CARNIVAL CRUISE LINE was more than simply negligent; its conduct was willful, wanton, and outrageous, and/or in callous disregard of the safety and rights of the Plaintiffs.

85. As a proximate result of the Defendant CARNIVAL CRUISE LINE's misconduct, Plaintiff F.H. was the victim of statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation, and Plaintiff F.H. suffered non-economic and economic damages. Non-economic damages include but are not limited to bodily injury, physical pain and suffering, mental pain and suffering, mental anguish, emotional distress, embarrassment, and/or loss of capacity for the enjoyment of life. One or more of these damages are permanent and/or continuing, and Plaintiff F.H. will suffer it or them in the future. Economic damages include but are not limited to the loss of future earning capacity and the cost of medical and counseling care and treatment incurred in to be incurred in the future, particularly upon majority.

86. As an additional proximate result of the Defendant CARNIVAL CRUISE LINE's misconduct, and the resulting statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation of F.H., Plaintiff JANE DOE suffered economic damages, including

but not limited to the value of the cruise and related travel expenses, and the cost of medical and counseling care and treatment incurred in the past and to be incurred in the future.

87. WHEREFORE, Plaintiff JANE DOE, Individually and on behalf of F.H., demands judgment against Defendant CARNIVAL CRUISE LINE for all of these actual, consequential, and compensatory damages, punitive damages to the extent that the Defendant CARNIVAL CRUISE LINE was more than simply negligent, pre-judgment and post-judgment interest as allowed by law, costs, and any other relief the Court deems just and proper. And Plaintiff further demands trial by jury of all issues so triable.

**COUNT VI**
**NEGLIGENCE IN RELATION TO WARNING OR INFORMING PASSENGERS AGAINST CARNIVAL CRUISE LINE**

88. The Plaintiffs adopt and re-allege each and every allegation set forth in paragraphs 1 through 30.

89. A high degree of care is demanded of common carriers, like the Defendant CARNIVAL CRUISE LINE, towards their passengers.

90. The Defendant CARNIVAL CRUISE LINE owed a duty to exercise reasonable care for the safety of its passengers, including to the minor Plaintiff, F.H.

91. The Defendant CARNIVAL CRUISE LINE owed a duty to exercise reasonable care under the circumstances, including to the minor Plaintiff, F.H.

92. The Defendant CARNIVAL CRUISE LINE had a duty to use reasonable care under the circumstances to maintain its ship in a reasonably safe condition commensurate with the activities conducted on it, and to prevent harm to its passengers, including F.H., resulting from foreseeable, preventable statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation by its crewmembers.

93. The circumstances under which such duty exists include the fact the Defendant CARNIVAL CRUISE LINE operates a ship that functions like a hotel, offering rooms where people can sleep, dress, and go about their private affairs.

94. The circumstances also include the fact that the Defendant CARNIVAL CRUISE LINE voluntarily undertakes to market to families with children and represents to the public that its cruise ships are appropriate for families. They include the fact that the Defendant CARNIVAL CRUISE LINE also provides facilities and functions for families with children. They include the fact that the Defendant CARNIVAL CRUISE LINE represents to the public including its passengers that the Defendant CARNIVAL CRUISE LINE's cruise ships have children and teen programs and activities onboard the ship and thus reassures the parents of the children and teens that the ship is safe for these groups. They include the fact that the Defendant CARNIVAL CRUISE LINE takes people onboard its ships into an isolated environment not connected to land. And they include the fact that there is no governmental police force onboard any of the cruise ships, meaning that crewmembers who break the law are fully aware that they will receive no immediate legal consequences.

95. The Defendant CARNIVAL CRUISE LINE's duty owed to its passengers, including F.H., is non-delegable and even the slightest negligence renders a carrier liable.

96. The Defendant CARNIVAL CRUISE LINE cruise line breached its duty to exercise reasonable care under the circumstances in relation to warning or information its passengers, including but not limited to the following:

a. By failing to warn passengers that there are or may be sexual predators amongst Defendant CARNIVAL CRUISE LINE's crewmembers;

b. By failing to warn passengers that the cruise line does not properly investigate, screen, hire or retain crewmembers who have direct contact with passengers and access into passenger cabins, and that the passengers should not trust the crewmembers and;

c. By failing to adequately warn passengers aboard Defendant CARNIVAL CRUISE LINE's vessels that there are real and significant dangers aboard the vessel, including the fact that other passengers have been sexually assaulted by crew members, and by failing to advise passengers that a heightened degree of care should be exercised when dealing with the crew members aboard the vessel;

d. By covering up prior sexual assaults aboard Defendant CARNIVAL CRUISE LINE's vessels, thereby preventing the public from gaining knowledge regarding potential dangers aboard Defendant CARNIVAL CRUISE LINE's vessels regarding sexual assaults;

e. By failing to investigate similar incidents on its vessels;

f. By failing to implement policies or procedures to track prior instances of sexual assaults so that the environment which permits and encourages such behavior can be identified and eliminated and/or passengers could be warned of the dangers posed to their health and physical and mental well-being;

g. By deliberately creating an environment whereby passengers would be deceived into believing that they are in a safe and friendly "family" environment where it is safe to interact with male crew members where, in reality, passengers are at risk of being targeted and attacked by sexual predators;

h. By concealing, suppressing, and mischaracterizing information involving prior incidents where passengers are victimized aboard Defendant CARNIVAL CRUISE LINE's vessels; and/or

i. By protecting Defendant CARNIVAL CRUISE LINE's business interests and media image at the expense of the fundamental rights of the passengers and other members of the public who will be subjected to sexual assaults and batteries and otherwise victimized in the future.

97. Defendant CARNIVAL CRUISE LINE was thus negligent.

98. Alternatively, Defendant CARNIVAL CRUISE LINE was more than simply negligent; its conduct was willful, wanton, and outrageous, and/or in callous disregard of the safety and rights of the Plaintiffs.

99. As a proximate result of the Defendant CARNIVAL CRUISE LINE's misconduct, Plaintiff F.H. was the victim of statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation, and Plaintiff F.H. suffered non-economic and economic damages. Non-economic damages include but are not limited to bodily injury, physical pain and suffering, mental pain and suffering, mental anguish, emotional distress, embarrassment, and/or loss of capacity for the enjoyment of life. One or more of these damages are permanent and/or continuing, and Plaintiff F.H. will suffer it or them in the future. Economic damages include but are not limited to the loss of future earning capacity and the cost of medical and counseling care and treatment incurred in to be incurred in the future, particularly upon majority.

100. As an additional proximate result of the Defendant CARNIVAL CRUISE LINE's misconduct, and the resulting statutory rape, rape, forcible rape, sexual battery, sexual assault, and sexual molestation of F.H., Plaintiff JANE DOE suffered economic damages, including but not limited to the value of the cruise and related travel expenses, and the cost of medical and counseling care and treatment incurred in the past and to be incurred in the future.

101. WHEREFORE, Plaintiff JANE DOE, Individually and on behalf of F.H., demands judgment against Defendant CARNIVAL CRUISE LINE for all of these actual, consequential, and compensatory damages, punitive damages to the extent that the Defendant CARNIVAL CRUISE LINE was more than simply negligent, pre-judgment and post-judgment interest as allowed by law, costs, and any other relief the Court deems just and proper. And Plaintiff further demands trial by jury of all issues so triable.

Respectfully submitted,

Co-counsel for Plaintiffs:

**BRILL & RINALDI, THE LAW FIRM**
Attorneys for the Plaintiff
17150 Royal Palm Blvd., Suite 2
Weston, FL 33326
Telephone No.: (954) 876-4344
Facsimile No.: (954) 384-6226
**David W. Brill, Esq.**
Florida Bar No. 0959560
Primary e-mail: david@brillrinaldi.com
Secondary e-mail: angely@brillrinaldi.com
**Joseph J. Rinaldi, Jr., Esq.**
Florida Bar No. 0581941
Primary e-mail: joe@brillrinaldi.com
Secondary e-mail: angely@brillrinaldi.com
**Zackary D. Slankard, Esq.**
Florida Bar No. 1015939
Primary e-mail: zackary@brillrinaldi.com
Secondary e-mail: angely@brillrinaldi.com

~ *AND* ~

**MURPHY LAW FIRM**
2354 S. Acadian Thruway
Baton Rouge, Louisiana 70808
Telephone No.: (225) 928-8800
Facsimile No.: (225) 928-8802
**Peyton P. Murphy, Esq.**
Louisiana Bar No. 22125
E-mail: peyton@murphylawfirm.com
**Troy D. Morain, Esq.**
Louisiana Bar No. 19070
E-mail: troy@murphylawfirm.com
**James E. Moore, Esq.**
Louisiana Bar No. 21758
E-mail: jim@murphylawfirm.com
**Renee H. Pennington, Esq.**
Louisiana Bar No. 35954
E-mail: renee@murphylawfirm.com

/s/ *David W. Brill*
**David W. Brill, Esq.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 5, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ David W. Brill
**David W. Brill, Esq.**

**SERVICE LIST**

Jerry D. Hamilton, Esq.
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
Carlos J. Chardon, Esq.
Florida Bar No. 517631
cchardon@hamiltonmillerlaw.com
Spencer B. Price, Esq.
Florida Bar No. 1001044
sprice@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
*Attorneys for Defendant Carnival Cruise Line*