UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO: 20-cv-20737-UU

JANE DOE, Individually and as Parent and
Natural Guardian of F.H., a Minor,

*Plaintiff*,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINE, and DUFRY
CRUISE SERVICES, LLC,

*Defendants*.
_______________________________/

**DEFENDANT, CARNIVAL CORPORATION's, MOTION TO DISMISS COUNT III OF PLAINTIFF'S AMENDED COMPLAINT AND TO STRIKE DEMAND FOR PUNITIVE DAMAGES**

Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE ("Carnival"), by and through undersigned counsel and pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiff's Amended Complaint [ECF No. 22], and in support states as follows:

**PRELIMINARY STATEMENT**

This is an action by a Carnival passenger for damages allegedly sustained during a cruise onboard the *Carnival Valor*. Plaintiff alleges that her daughter, F.H., was sexually assaulted in a room or cabin by Ganesh Joshi, an employee of Defendant, Dufry Cruise Services, LLC. ("Dufry"), a retailer that leased space from Carnival onboard ship. [ECF No. 22, ¶¶11 & 14]. Carnival moves to dismiss Count III (Negligence in Relation to Training and Monitoring Crew) because it is an impermissible shotgun pleading that commingles two separate causes of action into one count and fails to state a claim upon which relief can be granted. Indeed, the Amended

Complaint contains no facts supporting that any negligent implementation or operation of Carnival's training program caused Mr. Joshi to sexually assault F.H. or that Carnival knew or had reason to know of any dangerous propensities before the alleged assault occurred.

Lastly, the Court should strike Plaintiff's request for punitive damages because they are unavailable to plaintiff under Eleventh Circuit precedent. *See Eslinger v. Celebrity Cruises, Inc.*, 772 Fed. Appx. 872 (11th Cir. 2019).

## MEMORANDUM OF LAW

### I. Motion to Dismiss Standard

The purpose of a motion to dismiss is to "streamline litigation by dispensing with needless discovery and fact-finding." *Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989). "As a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable discovery costs, especially where a dubious claim appears destined for dismissal." *Ray v. Spirit Airlines, Inc.* 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997)).

"In practice, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Doe v. NCL (Bahamas) Ltd.*, No. 16-cv-23733-UU, 2016 U.S. Dist. LEXIS 150817, at *4 (S.D. Fla. Oct. 27, 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court in *Doe* noted,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (quotations and citations omitted) (dismissing complaint against the defendant after finding that the plaintiff did not allege sufficient facts to support a claim stemming from an alleged

sexual assault onboard the defendant's vessel).

## II. Federal Maritime Law Governs Plaintiff's Claims

This matter is subject to the general maritime law of the United States. Incidents occurring on the navigable waters and bearing a significant relationship to traditional maritime activities are governed by maritime law. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984). It is well settled that the law governing passenger suits against cruise lines is the general maritime law. *See, e.g.*, Schoenbaum, Thomas J., Admiralty and Maritime Law §3-5 (4th Ed. 2004); *Keefe*, 867 F.2d at 1321. Here, according to the allegations of the Amended Complaint, Plaintiff's alleged incident occurred during the course of her cruise on the *Carnival Valor* [ECF No. 22, ¶12-14]. Accordingly, federal maritime law applies to the instant action.

## III. Count III for Negligence in Relation to Training and Monitoring Crew should be Dismissed because Plaintiff Improperly Commingles Two Causes of Action and Fails to Plead Sufficient Facts to Support Either Claim.

Count III is an impermissible shotgun pleading that commingles two separate causes of action into one count. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) ("The third type of shotgun pleading is one that commits the sin of not separating into a count each cause of action or claim for relief."). "Because claims for negligent supervision and negligent training contain different elements, they are separate causes of action that must be plead separately." *McFee v. Carnival Corp.*, 2020 U.S. Dist. LEXIS 21062, *20-21 (S.D. Fla. Feb. 3, 2020) (Lenard, J.). If [a count for negligent supervision and/or training] survived to trial in its current form, it would be impossible to instruct the jury on the two separate theories contained in a single count." *Id.* This alone requires dismissal. *See id.* at *21; *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018) (holding that the


HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Eleventh Circuit "has been roundly, repeatedly, and consistently condemning [shotgun pleadings] for years.").

Even if the claims in Count III had been pled separately, dismissal is still warranted because Plaintiff failed to plead sufficient facts to support a claim for either negligent training or monitoring (i.e. supervision). "Negligent training occurs when an employer was negligent in the implementation or operation of the training program and this negligence caused a plaintiff's injury." *Doe v. NCL (Bahamas) Ltd.*, No. 1:18-cv-200603-RNS, 2018 U.S. Dist. LEXIS 136480, *9 (S.D. Fla. Aug. 10, 2018) (citing *Doe*, 2016 U.S. Dist. LEXIS 150817, at *11). Like the Plaintiff in *Doe v. NCL*, who similarly claimed that a crewmember sexually assaulted a passenger, Plaintiff here "fail[s] to plead that [Carnival's] negligent implementation or operation of its training program caused [Dufry's employee] to sexually assault [F.H]." *Doe*, 2018 U.S. Dist. LEXIS 136480, *9. And also like the Plaintiff in *Doe v. NCL*, Plaintiff here rests on conclusory allegations such as Carnival "fails to sufficiently train and control its male crewmembers to stay away from minor children passengers . . ." and that Carnival "does little or nothing to train the young men when they are hired . . .." [ECF No. 22, ¶¶27 & 24]. Such broad allegations are insufficient. *See Doe*, 2018 U.S. Dist. LEXIS 136480, *9; *see also Hastings v. Carnival Corp.*, 2015 U.S. Dist. LEXIS 193686, *6-7 (S.D. Fla. April 27, 2015) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice.") (internal citations omitted).

The Complaint also fails to allege sufficient facts to support a cause of action for negligent monitoring. "A negligent monitoring or supervision claim occurs when, during the course of employment, the employer becomes aware or should have become aware of problems indicating his unfitness, and the employer fails to take further action, including investigating or

discharge." *Nielsen v. MSC Crociere S.A.*, 2011 U.S. Dist. LEXIS 158852, *18 (S.D. Fla. June 24, 2011). "To state a claim for negligent supervision, a plaintiff must alleged that the '(1) the employer received actual or constructive notice of an employee's unfitness, and (2) the employer did not investigate or take corrective action such as discharge or reassignment.'" *Doe*, 2018 U.S. Dist. LEXIS 136480, *9-10 (citing *Doe*, 2016 U.S. Dist. LEXIS 150817, *3-4). Here, Plaintiff alleges no facts concerning the Dufry employees in question, much less that Carnival knew or had reason to know of any negative propensities before the alleged assault occurred. Instead, Plaintiff makes sweeping and general allegations that crewmembers working on Carnival's vessels are "young men who hail from developing countries or from countries where the economy is bleak" who are "away from their families and spouses and significant others" and for whom background checks cannot be adequately completed or verified. [ECF No. 22, ¶¶22-24].

In *Doe*, Judge Scola dismissed a nearly identically plead claim of negligent supervision noting that "[t]he Plaintiffs fail to allege any facts that [the employer] had actual or constructive notice of [the employee's] unfitness before the alleged sexual assault and battery, and that [the employer] failed to investigate or take corrective action." *Id*. Judge Scola further noted that allegations that crew was comprised of "'young men from developing countries or from countries where the economy is bleak' who are 'away from their families and spouses and significant others for months at a time' and for whom background checks cannot be adequately completed or verified," were "broad and indirect" and "d[id] not speak to the negligent hiring or retention of the [crewmember alleged to have committed the assault] in particular." *Id* at *8.

*Kilbey v. Carnival Corp.* is also instructive in this regard. In *Kilbey*, the plaintiff alleged that he suffered damages from a massage during the course of his cruise, which was done by an employee of a concessionaire. 2017 U.S. Dist. LEXIS 32286, *6-7 (S.D. Fla. Mar. 3, 2017). In


HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

dismissing the plaintiff's cause of action for negligent supervision, the court noted that the complaint did not clearly explain the relationship between the cruise operator and the concessionaire, which affected its analysis of the claim. *Id.* at *6. Notwithstanding this deficiency, the court dismissed the cause of action because the plaintiff did "not allege facts regarding the incompetence of [the concessionaire] or its employees . . . nor [did] he allege any facts regarding any actual or constructive notice of that incompetence." *Id.* at *7. Here, Plaintiff's Amended Complaint contains the same deficiencies. Accordingly, Carnival respectfully submits that Count III should be dismissed.

**IV. Plaintiff's Request for Punitive Damages Should be Stricken**

Plaintiff demands punitive damages in Counts III, V, and VI [ECF No. 22, ¶60, 87, 101]. The Eleventh Circuit has held, however, that punitive damages are not available in passenger maritime claims. *See Eslinger v. Celebrity Cruises, Inc.*, 772 Fed. Appx. 872 (11th Cir. 2019) ("Our court has held that plaintiffs may not recover punitive damages, including loss of consortium damages, for personal injury claims under federal maritime law."). Recently, in a similar maritime case wherein the plaintiff alleged a sexual assault onboard a cruise vessel, Judge Altonaga cited *Eslinger* in ruling that punitive damages were not an available remedy:

> Judges Martin, Newsom, and Dubina wrote "Our Court has held that Plaintiffs may not recover punitive damages for personal injury claims under federal maritime law." That's what the Plaintiff is attempting to do in this complaint. And I will follow *Eslinger* as I am required to. I am bound to follow Eleventh Circuit law. I don't see any ambiguity in the sentence. I don't see any reservation or carveout . . .
>
> So with that being the Eleventh Circuit's pronouncement just this June, there are no punitive damages here.

*Doe v. NCL (Bahamas) Ltd.*, No. 19-cv-21486-CMA, D.E. 52 (S.D. Fla, Aug. 29, 2019), attached as Exhibit "A" at 35:12-19; 36:14-21. Accordingly, all claims for punitive damage in Plaintiff's



HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Amended Complaint should be dismissed.

WHEREFORE, Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE ("Carnival"), respectfully requests that this Honorable Court enter an Order dismissing Count III of Plaintiff's Amended Complaint and striking Plaintiff's request for punitive damages, and for all other relief this Court deems just and proper under the circumstances.

Respectfully Submitted,

**/s/ *Carlos J. Chardon***
Jerry D. Hamilton, Esq.
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
Carlos J. Chardon, Esq.
Florida Bar No. 517631
cchardon@hamiltonmillerlaw.com
Spencer B. Price, Esq.
Florida Bar No. 1001044
sprice@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
*Attorneys for Defendant, Carnival*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 19, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

**/s/ *Carlos J. Chardon***
Carlos J. Chardon, Esq.

**SERVICE LIST**

***Attorneys for Plaintiff***

David W. Brill, Esq.
david@brillrinaldi.com
angely@brillrinaldi.com
Joseph J. Rinaldi, Jr., Esq.
joe@brillrinaldi.com
angely@brillrinaldi.com
Zackary D. Slankard, Esq.
zackary@brillrinaldi.com
angely@brillrinaldi.com
BRILL & RINALDI, THE LAW FIRM
17150 Royal Palm Blvd., Suite 2
Weston, FL 33326
Telephone No.: (954) 876-4344
Facsimile No.: (954) 384-6226

- AND -

Peyton P. Murphy, Esq.
peyton@murphylawfirm.com
Troy D. Morain, Esq.
troy@murphylawfirm.com
James E. Moore, Esq.
jim@murphylawfirm.com
Renee H. Pennington, Esq.
renee@murphylawfirm.com
MURPHY LAW FIRM
2354 S. Acadian Thruway
Baton Rouge, Louisiana 70808
Telephone No.: (225) 928-8800
Facsimile No.: (225) 928-8802

***Attorneys for Defendant, Carnival***

Jerry D. Hamilton, Esq.
jhamilton@hamiltonmillerlaw.com
Carlos J. Chardon, Esq.
cchardon@hamiltonmillerlaw.com
Spencer B. Price, Esq.
sprice@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 S.E. Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile (305) 379-3690