UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-cv-20737-UU

JANE DOE, Individually and as Parent and
Natural Guardian of F.H., a Minor,

*Plaintiff,*

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINE, and DUFRY
CRUISE SERVICES, LLC,

*Defendants.*
_______________________________/

**DEFENDANT, CARNIVAL CORPORATION'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND REQUEST FOR ADVISORY JURY TRIAL**

Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE ("Carnival"), by and through undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure, files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint [ECF No. 22], and states at follows:

**JURISDICTION, THE PARTIES, VENUE, AND FACTUAL ALLEGATIONS**

1. Admitted that Plaintiff is alleging damages in excess of the jurisdictional minimum under 28 U.S.C. § 1332. All else is denied.

2. Admitted that the Court has personal jurisdiction over this claim, that venue is proper, and that there is admiralty subject matter jurisdiction. All else is denied.

3. CARNIVAL is without sufficient knowledge to admit or deny about the citizenship of the Plaintiff. Admitted that Plaintiff is alleging damages in excess of the jurisdictional minimum under 28 U.S.C. § 1332 but denied that Plaintiff is entitled to the amount. Therefore, denied.

4. Denied. Plaintiffs cannot deliberate avoid admiralty subject matter jurisdiction where it exists. *See Deroy v. Carnival Corp.*, No. 18-12619, 2020 U.S. App. LEXIS 20336, *23 (11th Cir. June 30, 2020).

5. Without sufficient knowledge to admit or deny, therefore denied.

6. Admitted for purposes of this litigation only that CARNIVAL is incorporated in Panama and maintains its principal place of business in Florida. All else is denied.

7. Without sufficient knowledge to admit or deny, therefore denied.

8. Admitted.

9. Without sufficient knowledge to admit or deny, therefore denied.

10. Admitted.

11. Admitted.

12. Admitted that on November 15, 2019, Plaintiff and F.H. were passengers onboard the *Carnival Valor*, which is operated, managed, maintained, and controlled by CARNIVAL. Admitted that CARNIVAL is the owner *pro hac vice* of the Carnival Valor. All else is denied.

13. Without sufficient knowledge to admit or deny, therefore denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Admitted that CARNIVAL represents that it strives to provide a safe, secure, fun experience for all its passengers and that is has represented that cruising is a safe and secured experience. Denied that CARNIVAL has represented that it can guarantee the safety of all passengers. All else is denied.

21. Denied that this is a complete representation of CARNIVAL's marketing or representations to the public.

22. Denied.

23. Denied.

24. Denied

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.



HAMILTON, MILLER & BIRTHISEL LLP

150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

30. Denied.

**COUNT I**
**STRICT LIABILITY FOR STATUTORY RAPE, FORCIBLE RAPE, SEXUAL BATTERY, SEXUAL ASSAULT, AND SEXUAL MOLESTATION AGAINST DEFENDANT CARNIVAL CRUISE LINE**

31. CARNIVAL reincorporates and re-states all its responses to paragraphs 1 through 16 as if fully stated herein.

32. Admitted.

33. Denied as an incomplete statement of law.

34. Denied as an incomplete statement of law.

35. Denied.

36. Denied.

37. Denied.

38. WHEREFORE, Defendant, CARNIVAL, respectfully requests this Court dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief as this Court deems just and proper.

**COUNT II**
**STRICT LIABILITY FOR STATUTORY RAPE, FORCIBLE RAPE, SEXUAL BATTERY, SEXUAL ASSAULT, AND SEXUAL MOLESTATION AGAINST DEFENDANT DUFRY CRUISE SERVICES, LLC**

The allegations in paragraphs 39 through 46 are not directed towards CARNIVAL, therefore no response is required.

**COUNT III**
**NEGLIGENCE IN RELATION TO TRAINING AND MONITORING CREW AGAINST CARNIVAL CRUISE LINE**

Count III of Plaintiff's Amended Complaint was dismissed pursuant to this Court's Order on Carnival's Motion to Dismiss, therefore no response is required. [ECF No. 45].

**COUNT IV**
**NEGLIGENCE IN RELATION TO TRAINING AND MONITORING CREW AGAINST DUFRY CRUISE SERVICES, LLC**

The allegations in paragraphs 61 through 73 are not directed towards CARNIVAL, therefore no response is required.


HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

**COUNT V**
**NEGLIGENCE IN RELATION TO PROVISION OF SECURITY FOR PASSENGERS AGAINST CARNIVAL CRUISE LINE**

74. CARNIVAL reincorporates and re-states all its responses to paragraphs 1 through 30 as if fully stated herein.

75. Denied.

76. Denied as an incomplete statement of law.

77. Denied as an incomplete statement of law.

78. Denied as an incomplete statement of law.

79. Denied.

80. Admitted that CARNIVAL markets its cruises to families with children and that it provides facilities and functions for families with children on its ships. All else is denied.

81. Denied.

82. Denied, including all subparts.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. WHEREFORE, Defendant, CARNIVAL, respectfully requests this Court dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief as this Court deems just and proper.

**COUNT VI**
**NEGLIGENCE IN RELATION TO WARNING OR INFORMING PASSENGERS AGAINST CARNIVAL CRUISE LINE**

88. Carnival reincorporates and re-states all its responses to paragraphs 1 through 30 as if fully stated herein.

89. Denied as an incomplete statement of law.

90. Denied as an incomplete statement of law.

91. Denied as an incomplete statement of law.

92. Denied as an incomplete statement of law.

93. Admitted for purposes of this litigation only.

94. Admitted that Carnival markets its cruises to individuals that also includes families with

children and that it provides facilities and functions for families with children on its ships. All else is denied.

95. Denied.

96. Denied, including all subparts.

97. Denied.

98. Denied.

99. Denied.

100. Denied

101. WHEREFORE, Defendant, CARNIVAL, respectfully requests this Court dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

As separate, complete, and affirmative defenses to Plaintiff's Amended Complaint [ECF No. 22] and each of its purported causes of action, based upon information and belief, CARNIVAL states as follows:

1. CARNIVAL alleges that Plaintiff's Amended Complaint fails to state a cause of action for which relief may be granted, and should be dismissed with prejudice.

2. CARNIVAL alleges that the alleged incident resulted from the unforeseeable acts of third parties and that these acts are the proximate cause of any loss, injury, or damage to Plaintiffs is barred as a matter of law.

3. F.H consented in whole or in part to the actions alleged in Plaintiffs' Amended Complaint and misrepresented her age to the alleged assailant, who reasonably believed F.H. was of the age of legal consent and did not force or coerce F.H. to engage in sexual relations.

4. CARNIVAL alleges that Plaintiff and F.H.'s injuries were caused either in whole or in part by their own acts of negligence, including but not limited to failure to exercise reasonable care for their own safety, and any award should be reduced accordingly by the principles of comparative fault.

5. CARNIVAL alleges that Plaintiff and F.H.'s own acts of negligence amount to a superseding cause that cuts off any causal connection between CARNIVAL's alleged negligence and their injuries. Alternatively, CARNIVAL alleges that Plaintiff and F.H.'s damages were caused either in whole or in part by the acts and/or omissions of third persons for whom


HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

CARNIVAL did not control and that amount to a superseding cause that cuts off any causal connection between CARNIVAL's alleged negligence and Plaintiffs' injuries.

6. CARNIVAL alleges that any injury or damage as alleged to have been suffered by Plaintiff and F.H. herein are not the proximate result of any negligence of CARNIVAL and any such injuries are unrelated to the incident at issue and as such, Plaintiff and F.H. are unable to recover from CARNIVAL.

7. CARNIVAL alleges it has no legal responsibility for the damages or injuries alleged by Plaintiffs in the Complaint, if any; however, in the event that the CARNIVAL is held liable, any liability being specifically denied by CARNIVAL, said liability will be due in whole or in part to the breach of warranty, acts, omissions, activities, failures, recklessness or negligence of others that CARNIVAL has no control over. Accordingly, any recovery by the Plaintiffs against the CARNIVAL should be reduced in proportion to the respective negligence, fault, or responsibility of all other parties, persons, or entities, including their agents, servants, representatives, or employees who contributed to or caused any injury or damages to Plaintiffs, if any, in accordance with the law governing comparative fault.

8. CARNIVAL alleges that at all times that it complied and otherwise fulfilled its duty to the Plaintiff and F.H. and as such, Plaintiff and F.H. are unable to recover from CARNIVAL.

9. CARNIVAL alleges that the claim fails as (a) CARNIVAL had no actual or constructive notice of any dangerous condition, hazard, or propensity to commit sexual misconduct by the alleged assailant; (b) that the alleged hazard or dangerous condition was not dangerous and in any event that it could be considered dangerous, did not exist for a sufficient length of time to permit CARNIVAL to discover it; (c) CARNIVAL did not create any dangerous condition; (d) that any alleged dangerous condition and/or propensity was not reasonably foreseeable to CARNIVAL; and/or (e) CARNIVAL alleges that no dangerous condition existed that caused the alleged damages.

10. CARNIVAL alleges that at no time did it have actual or constructive notice of any propensity for misconduct on the part of the individual(s) Plaintiff alleges assaulted F.H. and/or assisted in the commission of the assault.

11. CARNIVAL alleges that this action is governed by and subject to the terms, limitations, and conditions contained in the "Cruise Ticket Contract." CARNIVAL adopts and incorporates the entirety of the Cruise Ticket Contract in this Answer by reference.



HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

12. CARNIVAL alleges that the damages allegedly suffered by Plaintiff and/or F.H. was not caused by any act or omission to act on the part of CARNIVAL and were caused by other trauma and/or other events and/or conditions suffered by Plaintiff and/or F.H. in their lifetime wholly unrelated to CARNIVAL or the subject cruise.

13. CARNIVAL alleges that the alleged injuries and damages, if any, of Plaintiff and/or F.H. and the derivative injury and damages, if any, of Plaintiff and/or F.H. was proximately caused by a pre-existing condition or injury and/or by actions of others or events separate, distinct, unrelated and remote to any action or inaction of CARNIVAL, which said separate distinct unrelated actions of others or events or accidents were the sole proximate cause of Plaintiff and/or F.H.'s alleged injuries and damages, if any, for which CARNIVAL cannot be liable.

14. CARNIVAL alleges Plaintiff is not entitled to introduce evidence of medical bills that were discounted. Evidence relating to medical bills that were "written off" is inadmissible. Plaintiffs are not entitled to any windfall type recovery based on the difference between what was billed and what was actually paid by her or by an insurer.

15. CARNIVAL alleges that the alleged tort occurred under circumstances within the scope of federal maritime law, and the general maritime law of the United States applies to the instant matter, to the exclusion of state law.

16. CARNIVAL alleges that Plaintiff's claims are fraud in whole or in part.

17. CARNIVAL alleges that Plaintiff has failed to establish a factual basis for an award of punitive damages as CARNIVAL'S conduct does not reach the level of willful, wanton or outrageous conduct required under the applicable law. CARNIVAL did not have actual knowledge of the wrongfulness of the conduct alleged; was unaware of the probability that injury or damage to Plaintiff and/or F.H. would result; and did not intentionally pursue any course of conduct that resulted injury or damage.

19. The alleged assailant was not an employee of CARNIVAL and/or CARNIVAL had no control over the actions of the alleged assailant. Moreover, CARNIVAL did not know and had no reason to know of any propensity on the part of the alleged assailant to engage in sexual relations (consensual or nonconsensual) with passengers, and, as such, Plaintiff's claim for strict vicarious liability against CARNIVAL fails as a matter of law.

***Carnival reserves the right to amend and/or supplement these affirmative defenses as discovery is ongoing.***

Respectfully Submitted,

**/s/ *Carlos J. Chardon***
Jerry D. Hamilton, Esq.
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
Carlos J. Chardon, Esq.
Florida Bar No. 517631
cchardon@hamiltonmillerlaw.com
Spencer B. Price, Esq.
Florida Bar No. 1001044
sprice@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 7, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

**/s/ *Carlos J. Chardon***
Carlos J. Chardon

## SERVICE LIST

***Attorneys for Plaintiff***

David W. Brill, Esq.
david@brillrinaldi.com
angely@brillrinaldi.com
Joseph J. Rinaldi, Jr., Esq.
joe@brillrinaldi.com
angely@brillrinaldi.com
Zackary D. Slankard, Esq.
zackary@brillrinaldi.com
angely@brillrinaldi.com
BRILL & RINALDI, THE LAW FIRM
17150 Royal Palm Blvd., Suite 2
Weston, FL 33326
Telephone No.: (954) 876-4344
Facsimile No.: (954) 384-6226

- AND -

Peyton P. Murphy, Esq.
peyton@murphylawfirm.com
Troy D. Morain, Esq.
troy@murphylawfirm.com
James E. Moore, Esq.
jim@murphylawfirm.com
Renee H. Pennington, Esq.
renee@murphylawfirm.com
MURPHY LAW FIRM
2354 S. Acadian Thruway
Baton Rouge, Louisiana 70808
Telephone No.: (225) 928-8800
Facsimile No.: (225) 928-8802

***Attorneys for Defendant, Carnival***

Jerry D. Hamilton, Esq.
jhamilton@hamiltonmillerlaw.com
Carlos J. Chardon, Esq.
cchardon@hamiltonmillerlaw.com
Spencer B. Price, Esq.
sprice@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 S.E. Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile (305) 379-3690

***Attorneys for Defendant, Dufry***

Kassandra Doyle Taylor, Esq.
ktaylor@mcalpinconroy.com
vlassale@mcalpinconroy.com
Richard J. McAlpin, Esq.
mcalpin@mcalpinconroy.com
nerion@mcalpinconroy.com
McALPIN CONROY, PA
80 SW 8th Street, Suite 2805
Miami, Florida 33130
Telephone: (305) 810-5400